## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELLEY DELON<br>12927 Laurel Bowie Road<br>Apt. 201<br>Laurel, MD 20708<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    <u>Serve:</u><br>    Michael B. Mukasey<br>    United States Attorney General<br>    U.S. Department of Justice<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530-0001<br><br>    Jeffrey A. Taylor<br>    United States Attorney for the<br>    District of Columbia<br>    United States Attorney's Office<br>    555 4th Street, NW<br>    Washington, DC 20530<br><br>    Paula DeMuth<br>    Regional Counsel<br>    General Services Administration<br>    301 7th Street S.W.<br>    Rm. 7048<br>    Washington, DC 20548<br><br>- and -<br><br>D.C. WATER AND SEWER AUTHORITY<br>5000 Overlook Drive<br>4th Floor<br>Washington, DC 20032<br><br>    <u>Serve:</u><br>    Linda R. Manley<br>    Board Secretary | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

```
     5000 Overlook Drive                      )
     Washington, DC 20032                     )
                                              )
- and -                                       )
                                              )
WASHINGTON METROPOLITAN TRANSIT               )
AUTHORITY                                     )
600 Fifth Street, NW                          )
Washington, DC 20001                          )
                                              )
     SERVE:                                   )
     Carol O'Keefe                            )
     General Counsel for WMATA                )
     600 Fifth Street, NW                     )
     Washington, DC 20001                     )
                                              )
-and-                                         )
                                              )
THE DISTRICT OF COLUMBIA                      )
                                              )
     SERVE:                                   )
     Linda Singer, Esq.                       )
     Corporation Counsel                      )
     District of Columbia                     )
     441 4th Street NW                        )
     6th Floor South                          )
     Washington, DC  20001                    )
                                              )
     -and-                                    )
                                              )
     Hon. Adrian Fenty                        )
     John A. Wilson Building                  )
     1350 Pennsylvania Avenue, NW             )
     Washington, DC  20004                    )
                                              )
                   Defendants.                )
```

# COMPLAINT

(Negligence)

## INTRODUCTION

1.     This a civil action brought pursuant to 28 U.S.C. §§ 1346, 1367, 2671 *et seq.* seeking

damages for Plaintiff's injury caused by the negligence of Defendants.

2.  In addition, it is a civil action seeking damages against the Defendants for acts of negligence under common law.

## JURISDICTION

3.  Jurisdiction exists in this case pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Plaintiff further invokes the supplemental jurisdiction of this court to adjudicate pendent claims arising under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367.

4.  Venue of this court is proper as the incident occurred in the District of Columbia.

5.  Defendant United States of America has been given notice of this claim pursuant to 28 U.S.C. § 2675, on or about April 3, 2007, with the filing of Plaintiff's Standard Form 95 to the General Services Administration.

## PARTIES

6.  Plaintiff, Shelley DeLon, is a resident of the state of Maryland.

7.  Defendant United States of America is the appropriate Defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq*.

8.  The General Services Administration ("G.S.A."), at all times relevant to this Complaint, was the agency of Defendant United States of America that was responsible for the operation and/or maintenance of the manholes located at or about the intersection of 6th and C Streets in northwest Washington, D.C.

9.  Defendant D.C. Water and Sewer Authority ("D.C.W.A.S.A."), at all times relevant to this Complaint, was a semiautonomous regional entity that provided and continues to provide retail water and wastewater services to residential and commercial customers in the District of Columbia.

10.     Defendant Washington Metropolitan Transit Authority ("W.M.A.T.A."), at all times relevant to this Complaint, was an entity formed by compact that provides mass transportation service throughout the District of Columbia.

11.     Defendant District of Columbia ("D.C."), at all times relevant to this Complaint, was a municipal corporation responsible for providing public services including, but not limited to, maintaining public roadways, crosswalks, and pedestrian walkways.

## STATEMENT OF FACTS

12.     On or about August 24, 2006, Plaintiff's counsel sent notice of her claim to Defendant D.C.

13.     On or about April 3, 2007, Plaintiff's counsel forwarded a Standard Form 95 form, providing notice of Plaintiff's claim under Federal Tort Claims Act, to Defendant United States of America, through its agency, the G.S.A.

14.     On or about October 3, 2007, Plaintiff received a denial of claim from Defendant United States of America through its agency, the G.S.A.

15.     On or about September 10, 2006, Plaintiff's counsel sent a notice of claim to Defendant W.A.S.A.

16.     On or about April 13, 2006, at approximately 1:00 p.m., Plaintiff was operating a motor vehicle and involved in an automobile accident at or near the intersection of 6th and C Streets in northwest Washington, D.C.

17.     On that same day, Plaintiff exited her motor vehicle to assess the damage resulting from the automobile accident at or near the intersection of 6th and C Streets in northwest Washington, D.C.

18.     As Plaintiff was inspecting the damage resulting from the accident, she was inflicted with

severe burns on her body as a result of extremely hot steam escaping from a manhole located at or near the intersection of 6th and C Streets in northwest Washington, D.C.

19.   At all times relevant to this Complaint, Defendant United States of America through its agency, the G.S.A, and/or Defendant D.C.W.A.S.A., and/or Defendant W.M.A.T.A., and/or Defendant D.C. owned, operated, and/or maintained the manhole located at or near the intersection of 6th and C Streets in northwest Washington, D.C.

20.   At all times relevant to this complaint, Defendant United States of America through its agency, the G.S.A., and/or Defendant D.C.W.A.S.A., and/or Defendant W.M.A.T.A., and/or Defendant D.C. owned, operated and/or maintained the equipment used for controlling and regulating water and steam at or near the manhole located at the or near the intersection of 6th and C Streets in northwest Washington, D.C.

21.   As a direct and proximate result of the incident, Plaintiff suffered bodily injuries and shock to her nervous system which have caused, and will continue to cause, physical and mental pain and suffering for the rest of her life.  Plaintiff has incurred, and will continue to incur, lost wages, as well as medical and related expenses.

22.   At all relevant times, the Defendant United States of America, through its agency the G.S.A., and/or Defendant D.C.W.A.S.A., and/or Defendant W.M.A.T.A., and/or Defendant D.C. knew or should have known that the extremely hot steam arising from the manhole at or near the intersection of 6th and C Streets in northwest, Washington D.C. posed a danger to all those who encountered it, including Plaintiff.

23.   Nevertheless, Defendant(s) failed to prevent extremely hot steam from arising from the manhole, to notify Plaintiff of the danger, and/or to take any other action to eliminate the danger to Plaintiff.

### COUNT I (NEGLIGENCE – ALL DEFENDANTS)

24. Plaintiff incorporates by reference paragraphs 1-18 as if fully set forth herein.

25. At all times relevant herein, Defendant United States of America, through its agency the G.S.A., and/or Defendant D.C.W.A.S.A., and/or Defendant W.M.A.T.A., and/or Defendant D.C. had a duty to warn all persons of or remedy any dangerous conditions existing of which it/they knew or should have known, including but not limited to the extremely hot steam escaping from a manhole at or near the intersection of 6 and C Streets in northwest Washington D.C.

26. Notwithstanding said duties, Defendant United States of America, through its agency the G.S.A., and/or Defendant D.C.W.A.S.A., and/ or Defendant W.M.A.T.A., and/or Defendant D.C., through its/their employees, officers, and/or agents, failed to warn Plaintiff or remedy the dangerous condition which proximately caused Plaintiff's injuries alleged herein.

27. As a direct and proximate result of Defendant(s)' negligence, Plaintiff was injured as described above.

28. The injury alleged herein occurred solely as a proximate result of Defendant(s)' negligence without any contributory negligence on the part of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment against each Defendant in an amount to be determined at trial, but not to exceed Five Million Dollars ($5,000,000.00) in compensatory damages and such other relief as the Court deems just and proper.

Date: February 6, 2008

RESPECTFULLY SUBMITTED,

/s/ Craig D. Miller

Craig D. Miller, #459784
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW

Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
cmiller@simeonemiller.com

### JURY DEMAND

Plaintiff demands a trial by jury against any and all Defendants allowable on all issues triable.

Date: February 6, 2008              RESPECTFULLY SUBMITTED,

/s/ Craig D. Miller

Craig D. Miller, #459784
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
cmiller@simeonemiller.com
*Attorneys for Plaintiff*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Shelley Delon

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  PG County, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
United States of America, D.C. Water and Sewer Authority, Washington Metropolitan Transit Authority, and the District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Craig D. Miller, Esq.
Simeone & Miller, LLP
1130 Connecticut Ave. N.W., Suite 350
Washington, D.C. 20036

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

● **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Federal Tort Claims Act, 28 U.S.C. sec. 1346, 2671 et seq. Plaintiff suffered personal injury after being exposed to steam from a manhole in D.C.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 5,000,000.00   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE February 6, 2008   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.