**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| _____<br>SHELLEY DELON )<br>12927 Laurel Bowie Road #201 )<br>Laurel, Maryland   20708 )<br> )<br>PLAINTIFF )<br> )<br> )<br> )<br>v. )<br> )<br>WASHINGTON METROPOLITAN )<br> AREA TRANSIT AUTHORITY )<br>600 5TH STREET, N.W. )<br>SECOND FLOOR )<br>WASHINGTON, D.C.,    ET AL. )<br> )<br>DEFENDANTS )<br>_____ ) | Case 1:08-cv-00212 (PLF) |

**DEFENDANT WMATA'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Washington Metropolitan Area Transit Authority ("WMATA")

hereby responds to the allegations contained in Plaintiff's Complaint.

**Responses to Paragraphs In Plaintiff's Complaint**

1. This Defendant admits only that this Court has jurisdiction over this action

pursuant to Section 81 of the WMATA Compact, reprinted as D.C. Code Section 9-

1107.01 (81)(2001 Ed.) and denies all other allegations contained in paragraph

numbered one (1) of Plaintiff's Complaint.

2. The allegations contained in paragraph numbered two (2) of the Plaintiff's

Complaint are statements of law to which no response is necessary. To the extent that anything in this paragraph is construed as alleging some negligence against this Defendant, this Defendant denies the allegations contained therein.

## Jurisdiction

3. This Defendant incorporates its response to the allegations contained in paragraph numbered one (1) in response to the allegations contained in paragraph numbered three (3) of the Plaintiff's Complaint.

4. Upon information and belief, this Defendant admits the allegations contained in paragraph numbered four (4) of the Plaintiff's Complaint.

5. The allegations contained in paragraph numbered five (5) of the Plaintiff's Complaint do not pertain to this Defendant and, therefore, are neither admitted nor denied.

## Parties

6.-9. This Defendant does not have sufficient information or knowledge upon which to admit or deny the allegations contained in paragraphs numbered six (6) through nine (9) of the Plaintiff's Complaint.

10. This Defendant admits the allegations contained in paragraph numbered ten (10) of the Plaintiff's Complaint.

11. Upon information and belief, this Defendant admits the allegations contained in paragraph numbered eleven (11) of the Plaintiff's Complaint.

## Statement of Facts

12.-18. This Defendant is without sufficient knowledge or information upon

2

which to admit or deny the allegations contained in paragraphs numbered twelve (12) through eighteen (18) of the Plaintiff's Complaint.

19.-23. This Defendant denies the allegations contained in paragraphs numbered nineteen (19) through twenty-three (23) of the Plaintiff's Complaint as they pertain to this Defendant, and is without sufficient knowledge or information upon which to admit or deny all other allegations pertaining to all other Defendants.

<u>Count I</u>

24.  This Defendant incorporates by reference, as if expressly stated herein, its responses to paragraphs numbered one (1) through twenty-three (23) of the Plaintiff's Complaint in response to paragraph numbered twenty-four (24) of the Plaintiff's Complaint.

25.-28.  This Defendant denies the allegations contained in paragraphs numbered twenty-five (25) through twenty-eight (28) of the Plaintiff's complaint as they pertain to this Defendant, and is without sufficient knowledge or information upon which to admit or deny all other allegations contained therein.

This Defendant denies all allegations not expressly admitted herein.

**First Affirmative Defense**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

**Second Affirmative Defense**

Plaintiff's claims are barred by her sole or contributory negligence.

### Third Affirmative Defense

Plaintiff's claims are barred by her assumption of the risk.

### Fourth Affirmative Defense

Should discovery provide a basis, WMATA reserves the right to assert that the incident in question was caused by the negligence of a person or entity not a party to this lawsuit.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the statute of limitations and/or the doctrine of laches.

WHEREFORE, having fully answered the Complaint, Defendant WMATA respectfully requests that this matter be dismissed and that WMATA be awarded the costs of responding to this lawsuit.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
  TRANSIT AUTHORITY

_____/s/_____
Carol B. O'Keeffe
Unified Bar No. 445277
General Counsel

_____/s/_____
Mark F. Sullivan
Unified Bar No. 430876
Deputy General Counsel

_____/s/_____
Kathleen A. Carey
Unified Bar No. 357990
Assistant General Counsel

4

600 Fifth Street, N.W. 2nd Floor
Washington, D.C.  20001
(202) 962-1496
Attorneys for Defendant WMATA


### Jury Demand

The Defendant demands a trial by jury on all issues so triable.


_____/s/_____
Kathleen A. Carey


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendant WMATA's Answer to**

**Plaintiff's Complaint** was electronically filed and served, on this 11th day of March

2008, to:

Craig D. Miller
Simeone & Miller, LLP
1130 Connecticut Avenue, N.W.
Suite 350
Washington, D.C. 20036

Urenthea McQuinn
Assistant Attorney General
441 4th Street, N.W.
Suite 6S14
Washington, D.C. 20001

Matthew H. Goodman
Leftwich & Ludaway, LLC
1400 K street, N.W.
Suite 1000
Washington, D.C. 20005

Harry B. Roback
Assistant United States Attorney

5

555 4th street, N.W.
Washington, D.C. 20530

/s/
Kathleen A. Carey