IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHELLEY DELON,**<br>　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**UNITED STATES OF AMERICA,** *et al.*,<br>　　　　　**Defendants.** | Civil Action No. 1:08-cv-00212 PLF |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia hereby submits its Answer to the Complaint in the above-captioned case.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

### Answer to the Complaint

1. Defendant states that the allegations contained in paragraph 1 of the Complaint are conclusions of law by plaintiff to which no response is required.

2. Defendant states that the allegations contained in paragraph 2 of the Complaint are conclusions of law by plaintiff to which no response is required.

### JURISDICTION

3. Defendant states that the allegations contained in paragraph 3 of the Complaint are conclusions of law by plaintiff to which no response is required.

4. Defendant states that the allegations contained in paragraph 4 of the Complaint are conclusions of law by plaintiff to which no response is required.

5. Defendant lacks sufficient knowledge or information at this time about the allegations contained in paragraph 5 of the Complaint, and on that basis it denies them pending strict proof at trial.

### PARTIES

6. Defendant lacks sufficient knowledge or information at this time about the allegations contained in paragraph 6 of the Complaint, and on that basis it denies them pending strict proof at trial.

7. Defendant states that the allegations contained in paragraph 7 of the Complaint are conclusions of law by plaintiff to which no response is required.

8. Defendant states that the allegations contained in paragraph 8 of the Complaint are conclusions of law by plaintiff to which no response is required.

9. Defendant states that the allegations contained in paragraph 9 of the Complaint are conclusions of law by plaintiff to which no response is required.

10. Defendant states that the allegations contained in paragraph 10 of the Complaint are conclusions of law by plaintiff to which no response is required.

11. Defendant admits that the District of Columbia is a municipal corporation, but states that the remaining allegations in paragraph 11 of the Complaint are conclusions of law by plaintiff to which no response is required.

### STATEMENT OF FACTS

12. Defendant states that the allegations contained in paragraph 12 of the Complaint are conclusions of law by plaintiff to which no response is required.

13. Defendant lacks sufficient knowledge or information at this time about the allegations contained in paragraph 13 of the Complaint, and on that basis it denies them pending strict proof at trial.

14. Defendant lacks sufficient knowledge or information at this time about the allegations contained in paragraph 14 of the Complaint, and on that basis it denies them pending strict proof at trial.

15. Defendant lacks sufficient knowledge or information at this time about the allegations contained in paragraph 15 of the Complaint, and on that basis it denies them pending strict proof at trial.

16. Defendant lacks sufficient knowledge or information at this time about the allegations contained in paragraph 16 of the Complaint, and on that basis it denies them pending strict proof at trial.

17. Defendant lacks sufficient knowledge or information at this time about the allegations contained in paragraph 17 of the Complaint, and on that basis it denies them pending strict proof at trial.

18. Defendant lacks sufficient knowledge or information at this time about the allegations contained in paragraph 18 of the Complaint, and on that basis it denies them pending strict proof at trial.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint as they relate to the District of Columbia, and states that the remaining allegations are conclusions of law by plaintiff to which no response is required.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint as they relate to the District of Columbia, and states that the remaining allegations are conclusions of law by plaintiff to which no response is required.

21. Defendant states that the allegations contained in the first sentence of paragraph 21 of the Complaint are conclusions of law by plaintiff to which no response is required.  Defendant lacks sufficient knowledge or information at this time about the allegations contained in the second sentence of paragraph 21 of the Complaint, and on that basis it denies them pending strict proof at trial.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

### COUNT I (NEGLIGENCE – ALL DEFENDANTS)

24. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

25. Defendant states that the allegations contained in paragraph 25 of the Complaint are conclusions of law by plaintiff to which no response is required.

26. Defendant states that the allegations contained in paragraph 26 of the Complaint are conclusions of law by plaintiff to which no response is required.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

### Third Defense

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code §12-309.

**Fourth Defense**

Defendant denies all allegations of wrongdoing, including but not limited to violations of common law.

**Fifth Defense**

All actions performed by defendant, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

**Sixth Defense**

If the plaintiff has been damaged as she alleges, such damages were the result of the plaintiff's sole, concurrent or contributory negligence and assumption of the risk, and/or other acts or omissions of plaintiff herself and or person(s) other than the defendant, and/ or person(s) not a party to this lawsuit.

**Seventh Defense**

Plaintiff failed to mitigate her damages.

**Eighth Defense**

Plaintiff's claims may be barred by laches, waiver, collateral estoppel, *res judicata*, unclean hands, and/or the relevant statute of limitations.

**Ninth Defense**

At all times relevant, defendants District of Columbia, its employees, agents, or servants acted in conformance with pertinent rules and regulations then in effect.

**Tenth Defense**

Plaintiff's claims may be barred under the doctrines of absolute immunity, discretionary immunity, governmental immunity, official immunity, qualified immunity, sovereign immunity, privilege and/or other immunity.

**Eleventh Defense**

To the extent that plaintiff was damaged and/or injured as alleged in the Complaint, said damages and/or injuries resulted from the action or failure to act of third parties not a party to this action.

**Twelfth Defense**

As a matter of law, punitive damages may not be recovered against the District of Columbia.

**Thirteenth Defense**

Defendant reserves the right to assert any and all defenses that are supported by facts learned through discovery or at trial herein.

**Fourteenth Defense**

The District of Columbia does not own the manhole in question.

**General Denial**

Defendant denies all allegations not previously admitted or otherwise answered. Defendant admits no allegations unless clearly so stated above. Defendant also reserves the right to amend its Answer and to add defenses that become apparent in discovery.

**Set-Off**

Defendant District of Columbia claims a set-off against any judgment, obtained by plaintiff, for the cost of all medical and hospital treatment rendered to plaintiff by the defendant District of Columbia, directly or indirectly, including Medicaid, and a set-off for the value of any

and all public benefits received directly or indirectly by plaintiff from the defendant District of Columbia.

## Jury Demand

Defendant requests a trial by the maximum number of jurors permitted by law of all issues so triable.

**WHEREFORE**, defendant District of Columbia prays that this matter be dismissed with prejudice, and that it be awarded the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        _____/s/_____
        NICOLE L. LYNCH [D.C. Bar #471953]
        Chief, General Litigation, Section II

        _____/s/_____
        URENTHEA McQUINN [D.C. Bar #182253]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C.  20001
        (202) 724-6646
        (202) 727-0431 (Fax)
        urenthea.mcquinn@dc.gov

April 18, 2008