**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

SHELLEY DELON

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.

Defendants.

Case No. 08-cv-00212 (PLF)

**PLAINTIFF'S MOTION TO STRIKE THE EXPERT TESTIMONY OF GREG WESTPHAL, JOHN BRIGHT, DARIUS BOWMAN, MICHAEL GLOCK, JOHN BRYAN, AND PATRICK NICHOLS, OR IN THE ALTERNATIVE, MOTION IN LIMINE TO LIMIT SUCH TESTIMONY**

COMES NOW Plaintiff, by and through the undersigned counsel, and moves this Court to strike the expert testimony offered at trial by Greg Westphal, John Bright, Darius Bowman, Michael Glock, John Bryan, and Patrick Nichols. For this Motion, Plaintiff states as follows:

1. This action involves an incident on April 13, 2006 in which the Plaintiff was inflicted with severe burns on her body as a result of hot steam escaping from a manhole located at or near the intersection of 6th and C Streets N.W. in Washington, D.C.

2. Federal Rule 26(a)(2)(A) states that a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Fed R. Civ. P. 26(a)(A). Federal Rule 26(a)(2)(B) states that the disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a

written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B).

3. The purpose of Rule 26 is to make discovery easier, faster, and more efficient, as well as to avoid surprises at trial. Day v. Consol. Rail Corp., 95 Civ. 968 (PKL), 1996 U.S. Dist. LEXIS 6596 (S.D.N.Y). It does not advance this purpose to withhold the kind of report that opposing counsel needs in order to conduct an informed deposition or cross examination of a witness, even if the witness is willing to testify without charge for reasons of his own. Id. at 26-27.

4. The U.S. Court of Appeals for the Third, Sixth, and Eleventh Circuits have issued rulings that support a liberal interpretation of Rule 26, including a narrow reading of the exceptions for treating physicians and employee-experts, requiring reports from employee-experts and in some circumstances treating physicians. (*See* Prieto v. Malgor, 361 F.3d 1313 (11th Cir. 2004), where the circuit court reversed the district court's ruling, finding that Rodriguez, who was employed by the City and whose job did not require that he regularly give expert testimony, must still file an expert report, See also Rodriquez v. Town of West New York, 191 F. App'x 166 (3rd Cir. 2006) where the circuit court affirmed the district court in excluding a physicians testimony on the grounds that he was required to submit an expert report under Rule 26(a)(2)(B), See also

Mohney v. U.S.A. Hockey, Inc., 138 F. App'x 804 (6th Cir. 2005) where the circuit court excluded plaintiff's expert testimony regarding causation because the physician formed his opinions in anticipation of litigation and not during the course of treatment).

5. The Court in Prieto determined that allowing a blanket exception for all employee expert testimony would "create a category of expert trial witness{es] for whom no written disclosure is required and should not be permitted." Prieto v. Malgor, 361 F.3d 1313, at 1318 (11th Cir. 2004)(quoting Day v. Consol. Rail Corp., 95 Civ. 968 (PKL), 1996 U.S. Dist. LEXIS 6596 (S.D.N.Y). .

6. Several Federal District Courts have also held that an employee whose job does not regularly involve giving expert testimony are still required to file expert reports under Rule 26(a)(2)(B). In Day v. Consol. Rail Corp., 95 Civ. 968 (PKL), 1996 U.S. Dist. LEXIS 6596 (S.D.N.Y), the defendant argued that since the expert's job did not regularly involve giving expert testimony, the expert did not need to comply with the report requirement. The Court held that defendant's expert was still required to submit a report in accordance with Rule 26 because the proffer by defendant created a distinction at odds with the purpose of promoting full pre-trial disclosure of expert information. In Day, the Court went on to reason that because the expert's duties as an employee do not regularly involve giving expert testimony, he may fairly be viewed as having been retained or specially employed for that purpose. Id.

7. Similarly in McCulloch v. Hartford Life & Accident Ins. Co., 223 F.R.D. 26 (D. Conn. 2004), plaintiff argued that it would be unfair to require her experts to provide reports to the defendant, but not require the same from the defendants experts. The plaintiff further argued that the benefit the defendant received from her expert's report amounted to unfair prejudice, since she would incur the added expense of deposing

the defendant's expert employees without the benefit of an expert report. Id. The defendant argued that plaintiff already had the opportunity to depose the witnesses. Id. The Court agreed with plaintiff ruling that reports were required from the employee experts, and that to find otherwise would risk encouraging corporate defendants to attempt to evade the report requirement by designating its own employees as expert witnesses. Id. (See also C & O Motors, Inc. v. General Motors Corp., 2007 WL 2156587 (S.D.W.Va.) where the court reasoned that while Walker was not a retained expert, but a C & O employee, does not mean that the court may not require him to produce an expert report under Rule 26. The court further reasoned that there should be no blanket exception to the report requirement for employee-experts because it would create a category of expert trial witness for whom no written disclosure is required and should not be permitted. Id.(quoting Prieto at 1318).

8. Here, Defendant United States of America ("USA") names Greg Westphal, John Bright, Darius Bowman, and Michael Glock within its Rule 26(a)(2) disclosures and states:

> These witnesses work for the General Services Administration ("GSA"). Using their firsthand and specialized knowledge, these witnesses will testify regarding the GSA's steam distribution system, including general information relating to the operation of the system, the maintenance of the system, the inspection and repair of the system, and the cost of maintaining, inspection, and repairing the system. Their testimony will include a discussion of the reasonable methods for inspecting, operating, maintaining, and repairing the steam distribution system. These witnesses will further testify regarding the alleged incident giving rise to Ms. Delon's claims in this case. Although these are fact witnesses, the United States is identifying them as providing testimony that may be characterized as expert testimony under Rules 702, 703, and 705.

(See Exhibit 1 – Rule 26(a)(2)(A) Disclosures by Defendant USA).

9. No written report has been prepared and signed by Greg Westphal, John Bright, Darius Bowman, or Michael Glock as required by Fed. R. Civ. P. 26(a)(2)(B). Nor were their qualifications, publications within the last ten years, compensation, and other cases they have been involved in within the preceding four years provided within their Rule 26(a)(2) disclosures.

10. A reading of Defendant USA's Rule 26(a)(2) disclosures reveals that Defendant USA is attempting to have Greg Westphal, John Bright, Darius Bowman, or Michael Glock function at trial as expert witnesses normally do. For example, testimony regarding "reasonable methods for inspecting, operation, maintaining, and repairing the steam distribution system" is the type of testimony one would normally associate with a hired expert. Moreover, these are not the types of opinions that the narrow exception to the rule contemplates – opinions formed during the ordinary course of ones employment similar to a treating physician formulating opinions in the ordinary course of his treatment. Thus, they are required to provide Plaintiff with Rule 26(a)(2)(B).

11. Under Federal Rule 37(c)(1), a party that without substantial justification fails to disclose information required by Rule 26(a) …is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

12. Accordingly, Plaintiff seeks to have the Court strike Greg Westphal, John Bright, Darius Bowman, and Michael Glock from providing any testimony to the extent such testimony may be characterized as expert testimony under Rules 702, 703, or 705. In the alternative, Plaintiff seeks to have the Court limit their expert opinion testimony to

exclude any opinion they formed in anticipation of litigation, rather than within the ordinary course of their job at the time the incident arose.

13. In addition, Defendant Emcor Government Services, Inc. and Emcor Group ("Emcor") names John Bryan and Patrick Nichols within its Rule 26(a)(2) disclosures and states:

> These witnesses work for Emcor. Using their firsthand and specialized knowledge, these witnesses will testify regarding GSA's steam distribution system, including, but not limited to, general information concerning the operation of the system, the inspection and repair of the system, estimation of repair and replacement costs for components and materials in the system, and the performance of Emcor's duties and responsibilities in connection with its inspection and maintenance contract with GSA in effect at the time of the accident in this case. These witneses will also testify concerning their specific job duties and responsibilities at Emcor and how those duties and responsibilities at Emcor intersect and impact the foregoing areas. These witnesses were deposed on September 21, 2009, and, although they are fact witnesses, Emcor is identifying them as providing testimony that may be characterized as expert testimony under Rules 702, 703, and 705. (See Exhibit 2 – Rule 26(a)(2) Disclosures by Defendant Emcor)

14. No written report has been prepared and signed by John Bryan or Patrick Nichols as required by Fed. R. Civ. P. 26(a)(2)(B). Nor were their qualifications, publications within the last ten years, compensation, and other cases they have been involved in within the preceding four years provided within their Rule 26(a)(2) disclosures.

15. Under Federal Rule 37(c)(1), a party that without substantial justification fails to disclose information required by Rule 26(a) …is not, unless such failure is

harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

16. Accordingly, Plaintiff seeks to have the Court strike John Bryan and Patrick Nichols from providing any testimony to the extent such testimony may be characterized as expert testimony under Rules 702, 703, or 705. In the alternative, Plaintiff seeks to have the Court limit their expert opinion testimony to exclude any opinion they formed in anticipation of litigation, rather than within the ordinary course of their job at the time the incident arose.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order striking the testimony of Greg Westphal, John Bright, Darius Bowman, Michael Glock, John Bryan, and Patrick Nichols to the extent such testimony may be characterized as expert testimony under Rule 702, 703, or 705. In the alternative, Plaintiff seeks to have the Court limit their expert opinion testimony to exclude any opinion they formed in anticipation of litigation, rather than within the ordinary course of their job at the time the incident arose.

Date October 30, 2009

RESPECTFULLY SUBMITTED,

**/s/ Michael J. Johnson**

Michael J. Johnson, #496596
Craig D. Miller, #459784
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
mjohnson@simeonemiller.com
cmiller@simeonemiller.com

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHELLEY DELON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-00212 (PLF) |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE EXPERT TESTIMONY OF GREG WESTPHAL, JOHN BRIGHT, DARIUS BOWMAN, MICHAEL GLOCK, JOHN BRYAN, AND PATRICK NICHOLS**

Plaintiff, by and through the undersigned counsel, hereby submits this Memorandum of Points and Authorities in Support of her Motion to strike the expert testimony of Greg Westphal, John Bright, Darius Bowman, Michael Glock, John Bryan, and Patrick Nichols. In support of the Motion, Plaintiff respectfully refers the Court to the following authorities:

1. Federal Rule of Civil Procedure 26
2. Federal Rule of Civil Procedure 37(c)(1)
3. Day v. Consol. Rail Corp., 95 Civ. 968 (PKL), 1996 U.S. Dist. LEXIS 6596 (S.D.N.Y)
4. Prieto v. Malgor, 361 F.3d 1313 (11th Cir. 2004)
5. Rodriquez v. Town of West New York, 191 F. App'x 166 (3rd Cir. 2006)
6. Mohney v. U.S.A. Hockey, Inc., 138 F. App'x 804 (6th Cir. 2005)
7. McCulloch v. Hartford Life & Accident Ins. Co., 223 F.R.D. 26 (D. Conn. 2004)
8. C & O Motors, Inc. v. General Motors Corp., 2007 WL 2156587 (S.D.W.Va.)

Date: October 30, 2009

RESPECTFULLY SUBMITTED,

**/s/ Michael J. Johnson**

Michael J. Johnson, #496596
Craig D. Miller, #459784
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
mjohnson@simeonemiller.com
cmiller@simeonemiller.com

* * *

**RULE 12-I CERTIFICATION**

I hereby certify that I sought and was not able to obtain the consent of Defendant USA or Emcor to the relief requested herein

**/s/ Michael J. Johnson**

Michael J. Johnson

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2009, I served a copy of the foregoing *Plaintiff's Motion to Strike the Expert Testimony of Greg Westphal, John Bright, Darius Bowman, Michael Glock, John Bryan, and Patrick Nichols* , supporting *Memorandum of Points and Authorities*, and proposed *Order* by efiling:

Harry B. Roback, Esq.
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
*Attorney for Defendant United States of America*

William L. Mitchell, II, Esq.
Angela M. Roberts, Esq.
ECCLESTON AND WOLF, P.C.
7240 Parkway Drive, 4th Floor
Hanover, Maryland 21076
*Counsel for Defendants Emcor Government Services, Inc. and Emcor Group, Inc.*

**/s/ Michael J. Johnson**

Michael J. Johnson, #496596
Craig D. Miller, #459784
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
mjohnson@simeonemiller.com
cmiller@simeonemiller.com